# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

COMPETITIVE ENTERPRISE INSTITUTE )
1899 L Street, N.W., 12th Floor )
Washington, D.C. 20036 )
 )
      Plaintiff, )
 )
   v. )     Civil Action No. 13-1532
 )
UNITED STATES ENVIRONMENTAL )
PROTECTION AGENCY )
1200 Pennsylvania Avenue, N.W. )
Washington, D.C. 20460 )
 )
     Defendant. )

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND WRIT OF MANDAMUS

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against

Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY ("EPA" or "the

Agency"), alleges as follows:

1) This is an action to enjoin and prevent the destruction of certain EPA text message transcripts

("texts" or "text messages"), by EPA pursuant to a policy and practice that violates the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Federal Records Act

("FRA").[1]

2) On April 26, 2013, CEI submitted a FOIA request seeking text messages created on an

account associated with an EPA-assigned personal digital assistant or personal data assistant

(PDA), and sent or received by then-Assistant Administrator for Air and Radiation Gina

McCarthy, on eighteen specified dates (Ms. McCarthy has since been promoted to EPA

---

[1] *See* 44 U.S.C. §§ 2101 *et seq.*, 2901 *et seq.*, 3101 *et seq.*, 3301 *et seq.*

Administrator).  On August 19, 2013, after obtaining documents indicating former EPA Administrator Lisa P. Jackson sent/received EPA-related text messages on May 27, 2010, CEI submitted another request for copies of text messages, this time for "copies of all EPA-related text messages sent and/or received by" Jackson on that date.

3) Defendant EPA has not provided any of the records responsive to either FOIA request. Instead, it has declared "no records" exist responsive to either request, because the Agency employees have destroyed them as part of a policy and practice of destroying such records, in violation of the FRA and FOIA.  That is so even though both of the above EPA officials sent/received EPA-related text messages on EPA-provided accounts/devices assigned to them for EPA business.

4) EPA has subsequently produced documents to plaintiff revealing that Ms. McCarthy sent/received many thousands of text messages using her EPA-provided PDA, none of which EPA preserved. (This information was produced in response to a separate FOIA request, HQ-2013-006937, seeking phone bills related to Ms. McCarthy's text messages.  Plaintiff has not obtained any billing information regarding Ms. Jackson's account(s)).

5) Text messaging is provided to certain EPA officials as an alternative medium of communication to email, both means which are provided specifically for the purpose of enabling performance of official functions. For example, in the discrete May 27, 2010 text message plaintiff became aware of former EPA Administrator Lisa Jackson used her text messaging function to discuss a potential green-jobs opportunity for a "cotton absorbent company" whose CEO she apparently met at a "Climate Rally" in her capacity as EPA administrator.  But when plaintiff sought those very text messages referenced in an email obtained under FOIA and addressed to Jackson in her capacity as "Administrator Jackson,"

EPA issued a "no-records" response. This reflected that the texts, which like email are "created" when sent or received, were destroyed by EPA.

6) EPA further indicated in response to plaintiff that while text messages can be federal records, just like email, unlike email none of the thousands of text messages plaintiff requested were in fact preserved, despite many having a facial relationship to EPA's work, on the grounds that such communications are "unrecord material not subject to the Federal Records Act,"[2] and that it is EPA's position to allow Agency officials to destroy their correspondence, which represents the Agency's sole copy of such correspondence.

7) EPA does not permit employees to destroy the Agency's sole copy of email, although no inherent substantive distinction exists between texts and emails sent by EPA officials using devices provided by the agency.[3]  Like emails, their transmission and content are of

---

[2] *See* September 18, 2013 letter from Eric E. Wachter, Director, EPA Office of the Executive Secretariat, to Christopher C. Horner, CEI, at 1 ("no records exist" responsive to request HQ-2013-009235 for "copies of all EPA-related text messages sent and/or received by Lisa P. Jackson on May 27, 2010"; EPA claims that "not all documents created by government employees are subject to preservation under the Federal Records Act.  As with all electronic communication, EPA employees are required to determine whether text messages are record material and to preserve as appropriate.  The text messages described in the example your provide certainly suggest unrecord material not subject to the Federal Records Act.")

  Under 44 U.S.C. § 3301 records include "all. . . machine readable materials, or other documentary materials, regardless of physical form or characteristics*,* made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency . . . as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the Government or because of the informational value of the data in them."

  EPA acknowledges on its website that "[t]he definition of a record under the Freedom of Information Act (FOIA) is broader than the definition under the Federal Records Act." *See*, *e.g.,* Environmental Protection Agency, *What Is a Federal Record?*, http://www.epa.gov/records/tools/toolkits/procedures/part2.htm.

[3] *See Frequent Questions about Mobile and Portable Devices, and Records*, www.epa.gov/records/faqs/pda.htm ("Common Agency records maintained on Mobile Devices include e-mail . . .and any other information related to your work at EPA.. . Records created on your Mobile Device should be transferred to your office's recordkeeping system on a regular basis. . . **Is the information on my Mobile Device subject to FOIA . . .?** Yes, information on your Mobile Device may be requested under FOIA or in response to litigation. **My Mobile**

significant public interest, especially due to EPA's recurrent failure to produce text message transcripts in response to FOIA and congressional oversight requests for specified "records" and "electronic records" in particular.

8) EPA's practice of allowing employees to unilaterally and immediately destroy an the Agency's sole copies of an entire class of records is unlawful, regardless of what the medium of communication is.  "While the agency undoubtedly does have some discretion to decide if a particular document satisfies the statutory definition of a record," the Federal Records Act does not "allow the agency by fiat to declare 'inappropriate for preservation' an entire set of" electronic or "email documents" generated by high-ranking officials like Gina McCarthy over a multi-year period.[4]

9) EPA has failed to preserve these documents despite previously being warned by the courts to stop deleting and destroying electronically-stored information and other documents.  *See, e.g., Union Pac. R.R. Co. v. U.S. Envtl. Prot. Agency*, 2010 WL 2560455 (D. Neb. June 24, 2010) (granting temporary restraining order against EPA, enjoining the EPA from deleting or

---

Device was not provided by the Agency. Do these rules still apply to me?** Yes, if you have Agency records on a personally-owned Mobile Device, they still need to be captured in an approved recordkeeping system.");

36 C.F.R. 1236.22  ("electronic mail records" covered; "Agencies that allow employees to send and receive official electronic mail messages using a system not operated by the agency must ensure that Federal records sent or received on such systems are preserved"); *see also*, *Armstrong v. Executive Office of the President*, 1 F.3d 1274, 1284, 1288 (D.C. Cir. 1993) ("electronic communications systems contain preservable records" covered by the Federal Records Act," and "do produce federal records"); *Id.* at 1288 ("agencies have an obligation . . .to undertake periodic [compliance] reviews to assure that" record preservation procedures  "are being adhered to," requirements that "apply to all electronic systems used by agency employees to create electronic records, not just . . . to 'official' agency electronic records systems . . . defendant agencies must undertake some periodic review of their employees' electronic recordkeeping practices."); *Landmark Legal Foundation v. EPA*, 2013 WL 4083285, *5 (D.D.C. Aug. 14, 2013) (denying EPA summary judgment in FOIA case where EPA did not search the individual "email accounts of the Administrator, the Deputy Administrator, or the Chief of Staff,"; noting "the possibility. . .that leaders in the EPA may have purposefully attempted to skirt disclosure under the FOIA.").

4 *See Armstrong v. Executive Office of the President*, 1 F.3d 1274, 1283 (D.C. Cir. 1993).

destroying any potentially relevant electronically-stored information, and also ordering EPA to identify, collect, and preserve such information relevant to company's FOIA request as well as designate an expert on electronically-stored information to "insure the enforcement" of the temporary restraining order, in light of evidence that "the EPA has engaged in a practice of deleting relevant emails in response to Union Pacific's FOIA request"; eight emails indicated EPA official instructed employees to destroy documents and delete emails relevant to company's FOIA request).[5]

10) Plaintiff CEI states on information and belief that a senior Agency official cautioned Ms. McCarthy to cease sending text messages due to concerns about the propriety of the content of her texting about congressional oversight efforts specifically on days when she testified before either the House or Senate. This information prompted plaintiff's first request for text messages sent or received on those eighteen dates she appeared before one or the other body.

11) Since all of the text messages at issue were sent or received by the EPA's current administrator and her predecessor, these records and whether EPA fulfilled its obligation to maintain and to produce them are of significant public interest. This is especially true given that Ms. McCarthy, specifically, was the official charged with responsibility for ensuring that recordkeeping laws were complied with, and therefore presumably was aware of the propriety and implication of destroying the sole copies of her own correspondence.

12) Despite the above, and in the face of revelations about organized and systemic abuses by senior federal employees to hide from the public their activities, particularly their electronic

---

5 *See also Landmark Legal Foundation v. E.P.A.* 2013 WL 4083285 (D.D.C. Aug. 14, 2013) (judge denied EPA summary judgment based on "the potential spoliation of records that should have been searched" (*id.* at *8 n.7), and EPA's previous record of contempt in a related matter, *id.*, as well as the "possibility that EPA engaged in … apparently bad faith interpretation" of a FOIA request. *Id.* at *6). *Union Pacific R. Co. v. U.S. E.P.A.*, 2010 WL 3455240 (D. Neb. Aug. 26, 2010) (granting preliminary injunction against EPA).

communications,[6] EPA has failed to preserve these documents (as required by the Federal Records Act), much less to produce them in response to FOIA requests.  EPA has failed to preserve these documents despite previously being warned by the courts to stop erasing and failing to preserve documents.  Plaintiff asserts on information and belief that EPA has also failed to notify the National Archivist as required when it learns of such potential loss of records; as Ms. McCarthy was the responsible officer as well as the party destroying her own correspondence, EPA has been aware of this practice for several years but it also has been specifically otherwise informed by virtue of the FOIA proceedings cited, *supra*.

13) Accordingly, plaintiff files this lawsuit to compel EPA to comply with the law.

---

[6] *See, e.g., Stephen Dinan, EPA Officials Lied About Email Use, Senator Says,* Washington Times, March 11, 2013, at A4 ("Mr. Martin and Ms. Jackson both resigned last month, after Mr. Vitter and Rep. Darrell E. Issa, California Republican and chairman of the House oversight committee, began an investigation into the emails"); *U.S. Senator David Vitter Hearing Statement Summary: Nomination Hearing for Ms. Gina McCarthy to Lead U.S. Environmental Protection Agency Before the Senate Committee on Environment and Public Works*, U.S. Federal News, April 11, 2013 ("EPA Region 8 Administrator James Martin resigned after lying to a federal court, and after EPA lied that he was not using his private email account to conduct official business in violation of the Federal Records Act and the Freedom of Information Act"); Stephen Dinan, *Do Text Messages from Feds Belong on Record? EPA's Chief's Case Opens Legal Battle*, Washington Times, April 30, 2011, at A1 (discussing how CEI's Christopher Horner "exposed former EPA chief Lisa P. Jackson's private email account" and those of other EPA officials; and how "several congressional committees looking into the EPA also discovered other agency officials using personal emails to conduct government business - a violation of the Freedom of Information Act"; "The EPA's internal auditor also is looking into how well the agency is complying with the law."); Dinan, *EPA Staff to Retrain on Open Records; Memo Suggests Breach of Policy*, Wash. Times, Apr. 9, 2013, at A4 ("The Environmental Protection Agency . . . acknowledged that it needs to do better at storing instant-message communications, after the agency came under severe fire from members of Congress who say it appears to have broken those [open-government] laws" in an apparent "admission that the agency has fallen short on its obligations."); Dinan, *Suit Says EPA Balks at Release of Records; Seeks Evidence of Hidden Messages*, Wash. Times, Apr. 2, 2013, at A1 ("EPA officials were using private email addresses to conduct official business"; "James Martin, who at the time was administrator of EPA's Region 8, used his personal email account to collaborate with the Environmental Defense Fund about where hearings on agency greenhouse gas rules could be held for maximum effect.").

## PARTIES

14) Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. CEI's programs include research, investigative journalism and publication, as well as a transparency initiative seeking public records relating to environmental policy and how policymakers use public resources.  CEI regularly files, and will continue to file, FOIA requests with EPA, as part of this initiative, as is illustrated by a number of such cases on this Court's docket.[7]

15) Defendant EPA is a federal agency headquartered in Washington, D.C..

## JURISDICTION AND VENUE

16) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question (as do resolution of disputes under the Federal Records Act; the Administrative Procedure Act; and the Mandamus Act, all of which are applicable in this case.  This court also has jurisdiction of the mandamus claim pursuant to 28 U.S.C. § 1361).

17) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because plaintiff resides in the District of Columbia, and defendant EPA is a federal agency.

## FURTHER FACTUAL BACKGROUND

18) EPA has not provided any records in response to CEI's FOIA request for former Assistant Administrator (and current EPA Administrator) McCarthy's text messages or former Administrator Jackson's text messages.

---

[7] *See, e.g., Competitive Enterprise Institute v. Environmental Protection Agency*, D.D.C. civil actions ## 12-1497, 12-1617, 13-406, 13-434, 13-624, 13-779, 13-1074 (all involving FOIA requests to EPA by plaintiff).

19) EPA has also not provided any text messages in response to congressional requests for certain described "all records" or "all electronic records", involving any employee.

20) EPA has also not provided any text messages in response to FOIA requests by others for certain described "all records" or "all electronic records", involving any employee.

**21)** This is despite the fact that transparency in government is the subject of high-profile vows by the president and attorney general that FOIA will "be administered with a clear presumption: In the face of doubt, openness prevails" (*See* Attorney General Eric Holder, *OIP Guidance, President Obama's FOIA Memorandum and Attorney General Holder's FOIA Guidelines, Creating a "New Era of Open Government"*,

http://www.justice.gov/oip/foiapost/2009foiapost8.htm; *Memorandum for the Heads of Executive Departments*,

www.whitehouse.gov/the_press_office/Freedom_of_Information_Act .)

### Plaintiff CEI's FOIA Request for Certain Specified
### Text Messages of Gina McCarthy (EPA-HQ-2013-006005)

22) On April 26, 2013, CEI submitted a FOIA Request by electronic mail, seeking:

> copies of all text messages sent by Assistant Administrator for Air and Radiation Gina McCarthy on a mobile telephone provided for her use by the Agency, on the following eighteen days:
> 2009:  July 9, 2009; July 14, 2009
> 2010:  July 22, 2010; March 4, 2010; March 24, 2010
> 2011:  March 1, 2011; March 13, 2011; March 24, 2011; April 13, 2011; May 13, 2011; June 30, 2011; September 8, 2011; September 15, 2011; October 12, 2011; October 25, 2011
> 2012:  February 28, 2012; June 19, 2012; June 29, 2012.

### Defendant's Response to Plaintiff's FOIA Request

23) EPA assigned this request identification number EPA-HQ-2013-006005 by letter dated and sent by email on May 9, 2013.

24) Defendant EPA's only response was to acknowledge receipt of the request, say it would respond to the request at some unspecified future time, and inform CEI that its request was "non-billable" under FOIA.[8]  (Typically, FOIA requests are non-billable when they can be handled in two hours or less. *See* 5 U.S.C. § 552(a)(4)(A)(iv)).  This does not constitute the required substantive response.[9]

25) In light of EPA's failure to provide any substantive response within the 20-day deadline for responding to FOIA requests, CEI, having exhausted its administrative remedies, sued EPA for its non-compliance with FOIA on May 29, 2013.[10]

26) After CEI sued, EPA provided plaintiff with a "no records" response.  EPA stated that it has been unable to locate any such texts in response to plaintiff's FOIA request.[11]  It did so even though Ms. McCarthy sent or received many thousands of such text messages over the covered period, as plaintiff subsequently learned, such that on the basis of information later

---

[8] *See* May 9, 2013 letter from National FOIA Officer Larry Gottesman to CEI counsel Christopher Horner.

[9] *See CREW v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013)("CREW") (administrative remedies are deemed exhausted unless, within the 20-day period, agency has at least informed the requesting party of the scope of potentially responsive records, including the scope of the records it plans to produce and withhold under any FOIA exemptions).

[10] *See Complaint* in *Competitive Enterprise Institute v. United States Environmental Protection Agency*, D.D.C. Civil Action No. 13-779; *Answer* ¶36  (not denying plaintiff had exhausted its administrative remedies), ¶¶ 25-27 (not denying the specific facts showing exhaustion).

[11] *See, e.g., Answer* in *Competitive Enterprise Institute v. Environmental Protection Agency,* D.D.C. No. 13-779 (filed 7/19/2013) at ¶ 8 (conceding that such texts were sent by EPA Assistant Administrator Gina McCarthy), ¶21 (conceding that EPA provides such officials "with personal digital assistants that have text messaging capability"), ¶¶14, 33 (EPA currently unable to locate such records); Email from Michelle Lo, counsel for EPA, to Chris Horner and Hans Bader, counsel for CEI, at  9/9/2013 3:46 PM (admitting that "Ms. McCarthy uses text messaging," but arguing that "they were not required to be preserved by the Agency."); Email from Michelle Lo, counsel for EPA, to Chris Horner and Hans Bader, counsel for CEI, at 8/1/2013 7:25 PM  (conceding that "Ms. McCarthy used the texting function on her EPA phone," and that "none of her texts over the period encompassing the 18 specific dates at issue in CEI's FOIA request (July 9, 2009, to June 29, 2012) were preserved").

obtained,[12] the statistical probability that Ms. McCarthy did not text on any of those eighteen

dates is virtually zero.[13] Plaintiff subsequently learned that EPA did not preserve text

messages from those eighteen dates or otherwise.[14] CEI dismissed that suit without prejudice

in light of the claim that no responsive documents remained.  *See Stipulation of Dismissal*,

9/13/2013 (docket #8).  CEI later obtained the information showing that in fact EPA was not

preserving, and instead was destroying, all such correspondence.

### Plaintiff CEI's FOIA Request for Certain Specified Text
### Text Messages of Lisa P. Jackson (EPA-HQ-2013-009235)

27)  On August 19, 2013, plaintiff submitted a FOIA request seeking "copies of all EPA-related

text messages sent and/or received by Lisa P. Jackson on May 27, 2010."

28)  This FOIA request, submitted to EPA by email to hq.foia@epa.gov, sought to obtain the text

messages in which former EPA Administrator Lisa Jackson reportedly discussed business

opportunities sought by a "cotton absorbent company" whose CEO the email described her

as meeting at a "Climate Rally."[15]  These text messages, as described in Jackson's own email

---

[12] *See* document sent by EPA to plaintiff's counsel attached to July 26, 2013 email to Chris
Horner, with PDF file bearing the title "202-596-0247 - Text bill - Jul 09-June 12.pdf," produced
in response to FOIA Request HQ-2013-006937, which sought certain text-related phone bills and
invoices.  That document provided certain metadata showing 5,392 text messages sent or
received by Ms. McCarthy during billing periods from July 2009 to July 2012.

[13] *See* document sent by EPA to plaintiff's counsel attached to Aug. 20 Horner email, with PDF
file bearing the title "202-596-0247 - Text bill - Jul 09-June 12.pdf," produced in response to
FOIA Request HQ-2013-006937 (submitted, June 3, 2013).  CEI staff estimated the odds of this
actually occurring as one in 7.9 sextillion. *See*  http://cei.org/news-releases/odds-epa-not-
destroying-gina-mccarthy-text-messages-1-79-sextillion (calculation available at
www.scribd.com/doc/157256436/McCarthy-Texting-Probability)

[14] *See, e.g.,* email from Michelle Lo, FN 11, *supra*.

[15] *See* Email from EPA Administrator Lisa Jackson using her EPA "Richard Windsor" account to
Aaron Dickerson, 6/4/2010 3:36 PM, enclosing email from  Michael Martin to Aaron Dickerson,
May 27, 2010, at 18:43:30 ("Administrator Jackson and I had txt'd this am about" a green-jobs
opportunity for a "cotton absorbent company" Jackson had met at "the Climate Rally").  This
email can be found in *Freedom of lnformation Act Request HQ-FOI-01268-12,* Fourth Release
(04/15/13), Part C, on the 22nd of 508 pages in that document, which is currently available at
www.epa.gov/epafoia1/docs/Release-4-Part-C.pdf  (visited 10/2/ 2013)*.*  It is one of the releases

thread, occurred in the context of EPA's involvement in the clean-up efforts surrounding the Deepwater Horizon drilling platform explosion and oil leak in the Gulf of Mexico, and the company in question sought to promote its purportedly environmentally-friendly products to the EPA for use in conjunction with the cleanup.

### Defendant's Response to Plaintiff's FOIA Request

29) EPA assigned this request identification number EPA-HQ-2013-009235.

30) Although the text messages' occurrence was memorialized in Administrator Jackson's own email addressing the subject,[16] an email that EPA produced as being work-related, on September 18, 2013, EPA issued a "no-records" response, reflecting the correspondence's destruction by EPA.

31) EPA indicated that the messages had not been preserved, despite their obvious relation to EPA's work like the email referencing them, and despite their being addressed to Jackson in her capacity as "Administrator Jackson," on the grounds that such communications are "unrecord material not subject to the Federal Records Act," and so EPA destroys them.[17]  It appears that this destruction is performed by the individual employees destroying the Agency's sole copy of the correspondence.

32)  In that September 18, 2013 "no records" letter, Eric E. Wachter, the Director of EPA's Office of the Executive Secretariat, did not deny that Jackson exchanged such messages, but excused EPA's failure to produce them with the assertion that "not all documents created by government employees are subject to preservation under the Federal Records Act.  As with

---

of documents in response to a FOIA request that is currently found on EPA's *Frequently Requested Records* page, available at www.epa.gov/epafoia1/frequent.html.

[16] *See* footnote 15 above.

[17] *See* September 18, 2013 letter from Eric E. Wachter, Director, EPA Office of the Executive Secretariat, to Christopher C. Horner, at 1 ("no records exist" responsive to request HQ-2013-009235 for "copies of all EPA-related text messages sent and/or received by Lisa P. Jackson on May 27, 2010" for this reason).

all electronic communication, EPA employees are required to determine whether text messages are record material and to preserve as appropriate.  The text messages described in the example you provide certainly suggest unrecord material not subject to the Federal Records Act."

33) Wachter did not explain what constitutes "unrecord material," or why he used this peculiar phrase defined nowhere in any statute, regulation, or dictionary.  Assuming that "unrecord material" means documents not covered by federal records laws, he did not explain how EPA-related communications could possibly *not* be subject to such laws (like the Federal Records Act and FOIA, which has the broadest definition of record among relevant laws), for example when addressed to senior EPA officials like Jackson in their official capacity; are exchanged with such officials using EPA-supplied devices for creating and transmitting records; and address a subject whose discussion, in email form, was preserved and produced under FOIA as an agency "record."  He also did not address the obvious question he begged of how an entire class of records, which he acknowledges in theory can be records, is being destroyed because in practice all are "unrecord material".

34) Mr. Wachter was acting as a high-ranking agency official in charge of EPA FOIA and record-keeping policies and practices when asserting this position that a class of records which, when the substantively same correspondence is transmitted via a legally equivalent medium (email), are in great part being preserved but are not preserved and instead are destroyed when transmitted by the alternative to email EPA provides, text messaging, as "unrecord material".  Wachter heads the office that is in charge of "processing Freedom of Information ('FOIA') requests for the Office of the Administrator; maintaining the records of the Administrator and Deputy Administrator; managing the Administrator's and Deputy

Administrator's executive correspondence; and administering the EPA's electronic

correspondence tracking system."[18]  Moreover, the policy and/or practice of document

destruction and failure to preserve documents directly involves high-ranking EPA officials,

such as its current and former Administrator, who are specifically assigned responsibility for

agency policy but who are destroying their own sole Agency copy of an entire class of

correspondence.

35) In another FOIA case before this Court concluded earlier this year, seeking EPA-related

emails on the non-official email account of then-Region 8 Administrator James Martin, EPA

similarly asserted that such correspondence were not Agency records,[19] only to eventually

abandon that position.

36) In the *Landmark* case cited, *supra*, another judge of this Court concluded that Mr. Wachter's

declaration was seriously lacking in credibility.  *See Landmark Legal Foundation v. E.P.A.*

2013 WL 4083285, *6 (D.D.C. Aug. 14, 2013).  In that case, Judge Lamberth repeatedly

found that central claims made by Mr. Wachter were "inconsistent" (*id.* at **1-2 & fn. 3) and

"vague" (*id.* at *3) and that Mr. Wachter's evasive "silence speaks volumes" (*id.* at 5).

## LEGAL ARGUMENTS
### Text Messages are "Agency Records" Under Federal Record-Keeping and Disclosure Laws, and Under EPA's Implementing Policies

37) EPA provides certain employees with PDAs and text messaging capability as an alternative

to email for official or otherwise work-related internal or external communications.

38) Text messaging correspondence may be Agency records, are subject to FOIA, and must be

maintained and produced as such, under the Federal Records Act and FOIA. *See*, *e.g.*,

---

[18] *See Search Declaration of Eric E. Wachter*, at ¶2, in *CEI v. EPA*, No. 12-1617 (D.D.C. filed, 8/21/2013) (docket doc. # 24-4).
[19] *See CEI v. EPA*, D.D.C. Civil Action No. 12-1497 (ESH), *Memorandum of Points and Authorities In Support of Defendant's Motion for Summary Judgment* at 4-5.

National Archives, *Frequently Asked Questions About Instant Messaging*,

http://www.archives.gov/records-mgmt/initiatives/im-faq.html (Instant Messaging (IM)

content can "qualify as a Federal Record," since IM "allows users" to "exchange text

messages," which are "machine readable materials" and thus within the "statutory definition

of records"); *Frequent Questions about E-Mail and Records*,

http://www.epa.gov/records/faqs/email.htm; *Frequent Questions about Mobile and Portable*

*Devices, and Records*, www.epa.gov/records/faqs/pda.htm; *Memo to All Staff,*

*"Transparency at EPA,"* by Acting Administrator Bob Perciasepe, dated April 8, 2013 ("the

Inspector General currently is conducting an audit of the agency's records management

practices and procedures. We have suggested they place focus on electronic records

including email and instant messaging. While we have made progress in these areas, we are

committed to addressing any concerns or weaknesses that are identified in this audit . . . to

strengthen our records management system").[20]

39) Former EPA Administrator Jackson and current EPA Administrator McCarthy had a duty

under the Federal Records Act (FRA) not to destroy text messages, and to take remedial

action once such destruction occurred.  For example, under the FRA, each agency head

> shall notify the Archivist [the head of the National Archives and Records Administration]
> of any actual, impending, or threatened unlawful removal, defacing, alteration, or
> destruction of records in the custody of the agency of which he is the head that shall
> come to his attention, and with the assistance of the Archivist shall initiate action through
> the Attorney General for the recovery of records he knows or has reason to believe have

---

[20] *See also* April 11, 2008 memorandum from John B. Ellis, EPA, to Paul Wester, National
Archives and Records Administration, at 4 (reporting discovery of record-keeping problems),
available at
http://www.epw.senate.gov/public/_files/2008_EPA_Archives_Memo_HILITED.pdf; *Records
and ECMS Briefing, EPA Incoming Political Appointees 2009,*
http://www.epw.senate.gov/public/index.cfm?FuseAction=Files.View&FileStore_id=60afa4b3-
3e5d-4e6f-b81e-64998f0d3c67.

been unlawfully removed from his agency, or from another Federal agency whose records have been transferred to his legal custody.[21]

EPA has responded to such information by informing the Archivist, in the past, when learning of similar destruction of emails.[22]

40) However, neither Jackson nor McCarthy has taken any such action, despite having the duty to do so in their capacity as head of the agency (indeed, according to EPA they are the officials who destroyed their own correspondence). Nor has the Archivist ever been notified of the destruction or loss of the records.  Nor has EPA taken other remedial actions, as is required to comply with its duty under the FRA to "establish safeguards against the removal or loss of records he determines to be necessary and required by regulations of the Archivist"[23] and "make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency...."[24]

**FIRST CLAIM FOR RELIEF**
**Duty to Preserve and Not Destroy Text Messages -- Declaratory Judgment**

41) Plaintiff re-alleges paragraphs 1-40 as if fully set out herein.

42) EPA's pattern, practice, and ongoing policy of destroying, and not preserving, and/or allowing the employee-correspondent to unilaterally destroy the Agency's sole copy of a class of records (text messages sent and received on EPA-supplied devices, including work-related or possibly work-related correspondence) violates the Federal Records Act and illegally denies the public access to records covered by the Freedom of Information Act.[25] It

---

[21] 44 U.S.C. § 3106.
[22] *See* April 11, 2008 "Ellis" memo, FN 20, *supra*, at 1-3.
[23] Id. § 3105.
[24] 44 U.S.C. § 3101.
[25] *See, e.g., Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C.Cir.1988) (separate from claims seeking relief for specific FOIA requests, requesting parties may also assert a "claim

is also arbitrary and capricious agency action that violates the Administrative Procedure Act (APA), 5 U.S.C. § 704, et seq.[26]

43) Plaintiff CEI regularly files FOIA requests with EPA seeking agency records, as the docket of this District illustrates.[27]  CEI has filed, and will continue to file, such FOIA requests seeking emails, text messages, and instant messages from EPA regarding high-ranking EPA officials, including those encompassed by the Office of the Administrator and the Assistant Administrator for the Office of Air and Radiation.  This is part of CEI's ongoing transparency initiative seeking public records relating to environmental policy and how policymakers use public resources.

44) Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

45) Plaintiff has a statutory right to the information it seeks.

46) Defendant has acknowledged, directly and through counsel, destroying these correspondence.

47) Moreover, federal regulations mandate that "Records shall not be disposed of while they are the subject of a pending . . . lawsuit under the FOIA" such as this one (or plaintiff's previously-filed FOIA lawsuits seeking electronic records).[28]

---

that an agency policy or practice will impair the party's lawful access to information in the future"); *Hajro v. U.S. C.I.S.*, 832 F.Supp.2d 1095 (N.D. Cal. 2012) (attorneys could bring lawsuit challenging pattern or practice of agency delays in responding to Freedom of Information Act requests submitted on behalf of their client).

[26] *See, e.g., CREW v. Executive Office of the President*, 587 F.Supp.2d 48 (D.D.C. 2008) (rejecting motion to dismiss claims over agency's allegedly illegal destruction and failure to preserve emails under the APA, 5 U.S.C. §§ 704-06, and the Mandamus Act, 28 U.S.C. § 1361).
[27] *See, e.g., Competitive Enterprise Institute v. Environmental Protection Agency*, D.D.C. civil actions ## 12-1497, 12-1617, 13-406, 13-434, 13-624, 13-779, 13-1074 (all involving FOIA requests to EPA by plaintiff).
[28] 40 C.F.R. § 2.106.

48) Regardless, plaintiff states on information and belief that EPA continues this pattern, practice and/or policy described herein.

49) Further, it is a violation of the U.S. Code to willfully and unlawfully conceal, remove, mutilate, obliterate, or destroy any record, proceeding, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any public officer of the United States, or attempt or act with intent to do so.[29]

50) As a regular FOIA requester, CEI will continue to experience ongoing harm in the form of lost information and destruction of the documents it seeks unless this court declares EPA's policy of not preserving text messages illegal and puts an end to it.

51) EPA has not disavowed or repudiated its position justifying the destruction of such agency documents.  EPA has instead defended the practice as appropriate, and efforts to compel the Agency to cease the practice as intrusive.  It clearly intends to apply this objectionable position in future FOIA requests by plaintiff.  It is therefore evident that the impermissible practice is a continuing one, that plaintiff will experience a continuing injury due to this practice, and that no relief is forthcoming.[30]

52) "The case is fit for review because it presents a clear-cut legal question," whether EPA's document preservation policy regarding text messages is "inconsistent" with federal record management laws such as the Federal Records Act and FOIA.[31]

53) This Court should issue a declaratory judgment that EPA has violated its duty to preserve records under the Federal Records Act and FOIA; has acted arbitrarily, capriciously, and illegally in violation of the APA; and that it has a duty to preserve, and prevent the destruction by EPA employees, of text messages transmitted on EPA devices.

---

[29] 18 USC § 2071 - Concealment, removal, or mutilation generally.
[30] *See Better Gov't Ass'n v. Dept. of State*, 780 F.2d 86, 90-92 (D.C. Cir. 1992).
[31] *See Venetian Casino Resort LLC v. EEOC*, 409 F.3d 359, 365 (D.C. Cir. 2005).

54) EPA should also be required to disclose how it came to design and implement a system
whereby absolutely no record of this class of correspondence is preserved.  EPA has failed to
preserve not only the text messages, but also all metadata about them.  For example,
according to EPA, it is aware that it arrangement with its telephone carrier no longer
preserves the telephone numbers to which text messages were sent or from where they were
received.[32]  This makes it impossible to cross-check an official's, *e.g.*, McCarthy's, claims
that each and every among the thousands of text messages on her EPA phone were all
personal and not one was work-related.  EPA should also be required to reveal just how this
system of record destruction operates, and who was responsible for putting it in place.

## SECOND CLAIM FOR RELIEF
### Duty to Preserve and Not Destroy Text Messages – Injunctive Relief

55) Plaintiff re-alleges paragraphs 1-54 as if fully set out herein

56) EPA will continue its unlawful policy of destroying and not preserving text messages unless
it is enjoined from so doing, even though that policy violates the Federal Records Act,
destroys documents subject to FOIA, and is arbitrary and capricious agency action violative
of the Administrative Procedure Act. "In utilizing its equitable powers to enforce the
provisions of the FOIA, the district court may consider injunctive relief where appropriate ...

---

[32] See Email from DoJ counsel for EPA Mark Nebeker to Chris Horner, counsel for CEI,
copying Cindy Anderson of EPA OGC, at 9/12/2013 1:54 PM (admitting that "Although phone
calls are delineated by each number called and the airtime and charges, that is not true for text
messages. It is my understanding the Agency does not receive a record from Verizon (or, in this
case, its predecessor, AT&T) of individual text messages made by its employees, including Ms.
McCarthy. ") This involved FOIA request HQ-2013-006937 and *Competitive Enterprise Institute
v. Environmental Protection Agency*, D.D.C. Civil Action No. 13-1074, seeking McCarthy's
text-message metadata information from phone bills, which is also being destroyed. In a
subsequent email Ms. Anderson asserted that with AT&T, a very limited amount of  metadata
had been preserved, from April 2011 to November 2011. *See* Email from Cindy Anderson of
EPA to Chris Horner, September 17, 2013 9:17 AM.

to bar future violations that are likely to occur."[33]  Courts have previously found that

injunctive relief is necessary to prevent EPA from deleting or destroying documents subject

to FOIA.[34]

57) Thus, CEI is entitled to injunctive relief forbidding EPA to destroy and/or not preserve text

messages.

58) In addition, CEI is entitled to preliminary injunctive relief forbidding such practices, because

the destruction and failure to preserve documents results in irreparable harm by forever

eliminating access to those documents, and because there is a strong public interest in

ensuring an agency's compliance with federal record management laws such as the Federal

Records Act and FOIA,[35] and with regulations commanding that records not "be disposed of

while they are the subject of a pending . . . lawsuit under the FOIA."[36]

59) This Court should enter an injunction ordering EPA to preserve, and prevent the destruction

by EPA employees, of text messages transmitted on EPA devices; and to establish safeguards

against their removal and loss.

---

[33] *See Long v. United States Internal Revenue Service*, 693 F.2d 907, 909 (9th Cir.1982).

[34] *See, e.g., Union Pac. R.R. Co. v. U.S. Envtl. Prot. Agency*, 2010 WL 2560455 (D. Neb. June 24, 2010) (granting temporary restraining order in light of evidence that "the EPA has engaged in a practice of deleting relevant emails in response to Union Pacific's FOIA request"; emails indicated EPA official instructed employees to destroy documents and delete emails relevant to company's FOIA request); *Union Pac. R.R. Co. v. EPA*, 2010 WL 3455240 (D. Neb. Aug. 26, 2010) (granting preliminary injunction against EPA).

[35] *See EPIC v. Department of Justice*, 416 F.Supp.2d 30, 40-42 (D.D.C. 2006) (granting preliminary injunction to expedite response to FOIA request, because even delay in producing documents is irreparable harm; and noting that there is a strong public interest in enforcing compliance with federal laws such as FOIA) ("'there is an overriding public interest ... in the general importance of an agency's faithful adherence to its statutory mandate.'"), *quoting Jacksonville Port Auth. v. Adams*., 556 F.2d 52, 59 (D.C.Cir.1977); *Union Pac. R.R. Co. v. U.S. Envtl. Prot. Agency*, 2010 WL 2560455 (D. Neb. June 24, 2010) (granting temporary restraining order against EPA, enjoining the EPA and its employees from deleting or destroying emails in violation of FOIA, and finding "irreparable harm" from EPA's "pattern of deleting relevant emails").

[36] 40 C.F.R. § 2.106.

## THIRD CLAIM FOR RELIEF
### Duty to Preserve and Not Destroy Text Messages – Writ of Mandamus

60) Plaintiff re-alleges paragraphs 1-59 as if fully set out herein.

61) Plaintiff has a clear right to relief under laws such as the Federal Records Act; the defendant has a clear duty to act; and there is no other adequate remedy available to plaintiff.

62) CEI has a clear statutory right to the records that it seeks, EPA has not fulfilled its clear statutory obligations to preserve and provide such records, and there is no legal basis for destroying them.

63) Thus, this destruction of documents justifies the grant of a writ of mandamus or other extraordinary relief, and gives rise to a remedy under the Mandamus Act, 28 U.S.C. 1361.[37] Accordingly, this court should issue a writ of mandamus.

## FOURTH CLAIM FOR RELIEF
### Duty to Notify the Archivist of the United States - Injunctive Relief

64) Plaintiff re-alleges paragraphs 1-63 as if fully set out herein.

65) The deletion by the EPA Administrator and Assistant Administrator of all text messages, including texts that were substantively similar to emails that were preserved and produced as records under FOIA, caused the destruction of federal records.

66) The head of any Federal agency has an obligation to notify the Archivist of the United States whenever "any actual, impending, or threatened unlawful removal, defacing, alteration, or destruction of records in the custody of the agency of which he is the head come[s] to his attention"[38]

---

[37] *See CREW v. Executive Office of the President*, 587 F.Supp.2d 48 (D.D.C. 2008) (agency's destruction of numerous emails gave rise to mandamus claim).
[38] 44 U.S.C.A. § 3106

67) The Administrator of the EPA had actual knowledge of the destruction of the federal records in the form of text messages, since the previous and current Administrator both directed and carried out the deletion of those records.

68) The knowledge on the part of the Administrator triggered the obligation under 44 U.S.C.A. § 3106 to notify the Archivist of the United States and the Attorney General, in order to recover those records destroyed.

69) Neither Administrator McCarthy nor Administrator Jackson ever notified the Archivist or the Attorney General regarding the destruction of the federal records.

70) The failure by the Administrator to take remedial action and to notify the Archivist or the Attorney General of the destruction of the documents despite clear statutory mandates is actionable under the APA.[39]

71) When the Administrator of a Federal agency fails to take action in compliance with the obligation of 44 U.S.C.A. § 3106, plaintiff has a right to seek to compel such compliance.[40]

72) Thus this Court should order the Administrator of the EPA to notify the Archivist of the United States, and the Attorney General about the destruction of federal records carried out by the Administrator and to assist the Attorney General in initiating an enforcement action.

### FIFTH CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

73) Plaintiff re-alleges paragraphs 1-72 as if fully set out herein.

---

[39] *See Armstrong v. Bush*, 924 F.2d 282, 295 (D.C. Cir. 1991) ("the FRA *requires* the agency head and Archivist to take enforcement action" in response to destruction of records; "On the basis of such clear statutory language mandating that the agency head and Archivist seek redress for the unlawful removal or destruction of records, we hold that the agency head's and Archivist's enforcement actions are subject to judicial review.").
[40] *See Id.*

74) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

75) Pursuant to 28 U.S.C. § 2412, this Court may award fees against the United States where its position was not substantially justified.  Here, EPA's position contradicts federal record-keeping and other laws, and is not substantially justified.

76) This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 10th day of February, 2014,

Christopher C. Horner
D.C. Bar No. 440107
1899 L Street, NW, 12th Floor
Washington, D.C. 20036
(202) 262-4458
chris.horner@cei.org

Hans Bader, D.C. Bar No. 466545
Sam Kazman, D.C. Bar No. 946376
Competitive Enterprise Institute
1899 L St., N.W., 12th Floor
Washington, D.C. 20036
(202) 331-2278, hbader@cei.org
Attorneys for Plaintiff